Filed 12/1/15  P. v. Ornelas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F068444 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF140931A) |
| YVONNE ORNELAS, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P.J., Peña, J. and Smith, J.

## INTRODUCTION

On October 6, 2013, a jury found defendant guilty of transportation of heroin, possession of heroin for sale, driving under the influence, use of a controlled substance, and possession of drug paraphernalia.[1] The trial court sentenced defendant to an aggregate term of eight years in prison. On appeal, defendant contends there was insufficient evidence to support her conviction for driving under the influence. We affirm.

## FACTS

On March 2, 2012, at 7:58 p.m., California Highway Patrol Officer Matthew Iturriria received a call regarding a vehicle blocking a roadway. When Iturriria arrived at the scene, he observed a white Buick stopped in the road, and defendant asleep behind the wheel. The vehicle was not running. Iturriria approached the car, woke up defendant, and noticed she was lethargic, slurring her words, and demonstrating unsteady coordination.

Upon questioning by Iturriria, defendant stated she had been driving home from the store when her car died approximately four houses from her residence. When asked about drug use, defendant admitted she had taken four Xanax tablets an hour earlier. Iturriria then administered a field sobriety test, which defendant failed. Based on the circumstances, defendant's statements, and Iturriria's observation of signs of injection, Iturriria placed defendant under arrest for driving under the influence. A search incident to that arrest yielded a syringe and 2.94 grams of heroin, an amount Iturriria testified was indicative of possession for purposes of sale rather than personal use.

Following defendant's arrest, she again admitted to taking four Xanax tablets, and stated she may have used heroin, but could not remember. Defendant continued to

---

[1] The jury also found defendant guilty of heroin possession, but the trial court dismissed that count as a lesser included offense of defendant's conviction for possession of heroin for sale.

2.

demonstrate signs of impairment, failed a field sobriety test, and tested positive for benzodiazepine and opiates – results consistent with the use of Xanax and heroin. Defendant was subsequently charged, tried, and convicted of transporting heroin, possessing heroin for sale, driving under the influence, using a controlled substance, and possessing drug paraphernalia. This appeal followed.

## DISCUSSION

Defendant argues there was insufficient evidence to support her conviction for driving under the influence. Specifically, defendant contends there was no evidence showing her driving was actually impaired by her controlled substance use. We disagree.

When addressing a challenge to the sufficiency of the evidence, we view the record in the light most favorable to the conviction and presume the existence of every fact in support of the conviction that the trier of fact could reasonably infer from the evidence. (*People v. Maury* (2003) 30 Cal.4th 342, 396.). "Reversal is not warranted unless it appears '"that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." [Citation.]' [Citation.]" (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1457.)

At the time of defendant's conviction, Vehicle Code section 23152, subdivision (a), prohibited any person under the influence of any alcoholic beverage or drug to drive a vehicle.[2] For purposes of that section, the term "drug" refers to any substance, other than alcohol, "which could so affect the nervous system, brain, or muscles of a person as to impair, to an appreciable degree, his ability to drive a vehicle in the manner that an ordinarily prudent and cautious man, in full possession of his faculties, using reasonable care, would drive a similar vehicle under like conditions." (Veh. Code, § 312.)

---

[2] Effective January 1, 2014, driving under the influence of a drug became prohibited by Vehicle Code Section 23152, subdivision (e).

Here, defendant was found asleep inside her vehicle, which was stopped in the middle of the road just four houses down from her residence. Defendant was visibly altered by her use of Xanax and heroin, tested positive for those drugs, and failed field sobriety tests. Nevertheless, defendant contends no rational trier of fact could find her guilty of driving under the influence, as no evidence was presented to show that defendant's driving was actually impaired prior to police finding her unconscious in her vehicle.

In support of this argument, defendant relies heavily upon *People v. Torres* (2009) 173 Cal.App.4th 977 (*Torres*). In *Torres*, the defendant was pulled over for failing to stop before the limit line at an intersection. (*Id*. at p. 979.) Police observed signs of drug use, and the defendant later tested positive for methamphetamine. (*Id*. at p. 980.) Though a jury later convicted defendant of driving under the influence, the Court of Appeal, Fourth District, Division One, reversed the conviction, finding no evidence the defendant's driving had been impaired by his methamphetamine use. (*Id*. at pp. 983-984) Specifically, the court noted that the officers who stopped the defendant did not observe him driving erratically, and no field sobriety tests were conducted to determine if the defendant was suffering from symptoms that would impair his driving. (*Id*. at p. 983.)

The instant case, however, is readily distinguishable from *Torres*. Unlike the defendant in *Torres*, defendant was given – and failed – field sobriety tests. Further, the very circumstances surrounding the police involvement in the two cases could hardly be less similar. In *Torres*, the defendant was pulled over for failing to stop at a limit line, an infraction the officers in that case conceded was neither unusual nor indicative of impaired driving. (*Torres*, *supra*, 173 Cal.App.4th at p. 983.) In the case at bar, however, defendant was discovered passed out inside her vehicle, which was stopped in the middle of the street. While the circumstances in *Torres* do not lead to an immediate assumption of impaired driving, the same cannot be said for the circumstances in this case.

4.

Indeed, the circumstances of defendant's discovery by police gave the jury ample reason to doubt defendant's suggestion that she was not impaired while she was operating her vehicle, but became impaired after she ceased driving. Unimpaired drivers rarely find themselves passed out behind the wheel of a vehicle that is stopped in the middle of the road. In that sense, the instant case is analogous to *People v. Wilson* (1985) 176 Cal.App.3d Supp. 1 (*Wilson*). There, police found the defendant asleep behind the wheel of his car, which was parked along the side of the highway with its rear portion jutting into traffic. (*Id*. at p. Supp. 3.) The defendant displayed signs of intoxication and failed a field sobriety test, but argued he had been sober while operating the vehicle and only become intoxicated after his car overheated. (*Id*. at pp. Supp. 3-5.)

In rejecting his arguments, the superior court appellate department stated the following:

> "[W]e also conclude that there is substantial evidence from which the jury here could have inferred that: (1) It was defendant who drove the vehicle on the public highway to where it was stopped; and (2) defendant was intoxicated at the time.

> "Although the vehicle was in the 'park' gear with 'the brakes ... on,' the vehicle was stopped partly on the shoulder of the 60 Freeway at an angle with its left rear portion partially intruding into the No. 3 lane. Clearly, this was not a normal parking place or position for a vehicle to be stopped. Moreover, the vehicle did not simply materialize at that location. Obviously, someone drove it there.

> "That someone was defendant, according to the jury. Defendant was the sole occupant of the vehicle. He was found seated in the driver's seat. At no time did he claim that anyone else had driven the vehicle to that location, and the vehicle belonged to defendant.

> "There is abundant evidence in the record that defendant had been drinking prior to his stopping the vehicle on the shoulder of the freeway. Also, his disorientation and poor performance of the field sobriety tests constitute ample evidence from which the jury could infer that his driving ability was impaired." (*Wilson*, *supra*, 176 Cal.App.3d at pp.Supp. 7-8.)

Here, as in *Wilson*, defendant was under the influence, in the driver's seat, and the sole occupant of a vehicle stopped in an abnormal fashion. Defendant also admitted to using controlled substances, and tested positive for those substances after failing a field sobriety test. Given this evidence, the jury could reasonably conclude defendant's driving ability was appreciably impaired by her controlled substance use at the time she was driving her vehicle. We therefore reject her challenge to the sufficiency of the evidence, and affirm the judgment.

## DISPOSITION

The judgment is affirmed.